[PHILADELPHIA, JANUARY 28, 1837.]

## Case of ADELPHI STREET.

### CERTIORARI.

1. The uniform practice under the road laws has been to allow two full terms for exceptions to the reports of juries, as well on proceedings for *vacating*, as *opening* roads and streets, and as well in the city of *Philadelphia* as elsewhere.

2. Where a jury was appointed on the 12th of October, 1835, to report on the expediency of vacating a certain street in the city of Philadelphia, and on the 19th of the same month the jury made a report, which on the 26th of the same month was confirmed *nisi;* and on the 13th of January, 1836, the report was confirmed absolutely; the Supreme Court quashed the proceedings.

THIS was a certiorari to the Court of Quarter Sessions for the county of Philadelphia, to remove the proceedings in the matter of the opening of a street called Adelphi street; between Fifth and Sixth streets, and Walnut and Prune streets, in the city of Philadelphia.

The proceedings in the court below, were shortly, as follows:

On the 12th of October, 1835, a petition was presented by James Page and others, setting forth that Adelphi street, running from the western side of Fifth street to the eastern side of Sixth street, of the width of twenty-seven feet, commencing on the north side, at a dis-

(Case of Adelphi Street.)

tance of two hundred and twenty feet south of Walnut street, has been laid out, and by the Court ordered to be opened; and praying that the western end of said street, one hundred and ninety-nine feet east from Sixth street be vacated. On the same day the court appointed twelve viewers.

On the 16th of October, 1835, the jury met and reported in favour of vacating the street.

On the 26th of October, 1835, the report of the jury was confirmed, *nisi.*

On the 13th of January, 1836, the report was confirmed absolutely; and it was ordered that Adelphi street, as therein described, running eastward from Sixth street, one hundred and ninety-nine feet, be forthwith closed and vacated.

On the 5th of March, 1836, exceptions were filed and overruled.

In this court the following exceptions were filed:

1. "That the appointment of a jury to view, was made on the 12th of October, 1835, and their report was to the next term, December. Whereas they met on the 19th of October, 1835, and filed their report on the 21st of October, 1835, which was confirmed by the Court of Quarter Sessions, on the 26th of October, 1835, before the December Term, to which the proceedings were returnable.

2. That the report was confirmed absolutely by the Court of Quarter Sessions, on the 13th of January, 1836, before the court next after that to which the report was made, and it was ordered that Adelphi street should forthwith be closed and vacated.

3. The petition to vacate was presented, and the jury appointed before the street was opened.

4. The petition does not set forth in a clear and intelligible manner, the length, breadth, situation, and other circumstances of such part of the street which was desired to be vacated.

5. The petition should have applied for a jury to view, and not a jury to vacate.

6. The court appointed twelve jurors, when they should have appointed but six.

7. The said street when opened, according to the report of a former jury, will not be useless, inconvenient and burthensome.

8. The jury reported to vacate, from a representation that the ground occupied by the street was necessary for a hotel, intended to be built on the corner of Sixth and Walnut streets, whereas, should that be the fact, the county might be burdened by heavy damages in case of a future application to extend this street.

9. There was no notice of the time and place of meeting given to the owners of property on Adelphi street.

(Case of Adelphi Street.)

10. The proceedings are not conformable to law."

Mr. *Kittera* and Mr. *C. J. Ingersoll*, referred to the acts of the 6th of April, 1802 ; 6th February, 1815 ; 25th of March, 1805 ; 15th of April, 1835 ; *The Case of Fitzwater street,* (4 *Serg. & Rawle,* 106 ;) *Case of Aston's Road,* (2 *Penn. Rep.* 532 ;) and argued that the proceedings below were irregular ; the confirmation of the report having taken place at the same court at which the jury were appointed.

Mr. *H. M. Phillips* and Mr. *Dallas, contra,* contended that by the uniform practice of the Court of Quarter Sessions for the county of Philadelphia, the day for hearing reports of juries in road cases, was the return day for said reports, where the juries were appointed at the same term. The power to vacate a street in the city of Philadelphia, did not exist until the passage of the act of 15th April, 1835, which does not require a greater interval of time than was given here. They cited the case of *Spear's road,* (1 *Serg. & Rawle,* 142.)

The opinion of the court was delivered by

Gibson, C. J.—It has ever been a cardinal point in our system of road laws, to allow two full terms for exceptions. By the general law of 1802, and that of 1836 which has superseded it, the order to view is returnable to the term succeeding that at which the viewers have been appointed, as well in the case of a private, as a public road ; and the report being then received, lies over to the next term for confirmation. The same provision is made in the act of 1805, for laying out streets in Philadelphia ; and though it is not expressly reiterated in the act for vacating them, its intention in practice is necessary to preserve the harmony of the system. This act, if such it may be called, is conceived in a few words, appended to a section authorising among other things, the appointment of viewers to report on the propriety of vacating Oak alley ; by which the confirmation was directed to be " in the usual manner." But why allow the usual time for exceptions in the case of that alley, and not in *cases to* arise subsequently ? It is evident from the specific character of its associates, that the general provision was forced into the bill in the hurry of a discussion, which may account for its barrenness of detail ; and we are not to intend that a departure from the routine of practice under the general system was meditated. · The legislature established the power, and it would have been supererogatory to have directed forms of proceeding which are deeply seated in the practice of the courts. The matter lies within the legitimate province of construction ; and that it is indispensable to the security of property to preserve the usual period for discovery, and preparation to resist, the present proceeding is a pregnant proof. Its defect is in the time of

(Case of Adelphi Street.)

its final confirmation, which was at the term to which the order and report ought to have been returnable; and it is an incurable one.

Proceedings quashed.